**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2011

Lyle W. Cayce
Clerk

No. 11-50072
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES GUTIERREZ-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1572-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Moises Gutierrez-Castro appeals the 46-month sentence of imprisonment imposed following his guilty plea conviction of illegal reentry of the United States after deportation. He contends that his within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and, thus, it was substantively unreasonable.

More specifically, Gutierrez argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed because it lacks an empirical basis. He contends

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, by double counting his prior alien transportation offense, the guidelines overstated the necessary sentence.  He maintains that the guidelines did not accurately reflect the seriousness of his illegal reentry offense, which he characterizes as an international trespass.  Finally, Gutierrez argues that the guidelines range failed to account for the circumstances of his offense and his personal history.  In this regard, he contends that his offense is mitigated by the fact that he reentered the United States in an attempt to support his four children and his wife, who is going blind.

Because Gutierrez did not object to the reasonableness of the sentence imposed and he did not raise in the district court the specific issues he seeks to raise on appeal, review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009).  To show plain error, Gutierrez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

We have previously considered and rejected the contention that the illegal reentry Guidelines impermissibly double count a defendant's prior criminal history, as well as the contention that the Guidelines overstate the seriousness of an illegal reentry offense based on the assertion that this is effectively only an international trespass offense.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Similarly, Gutierrez's asserted motive for reentering the United States does not establish that the district court plainly erred by imposing a within guidelines sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court considered the arguments Gutierrez made at sentencing, the facts of the case, and the appropriate statutory sentencing factors before

concluding that a within-guidelines sentence was appropriate. Further, the record does not suggest that district court considered any irrelevant or improper factors or that it made an error in judgment in weighing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Gutierrez's mere disagreement with the district court's assessment of an appropriate sentence is insufficient to establish plain error and to rebut the presumption that his sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Gutierrez raises one additional argument, which he acknowledges is foreclosed by our precedent, to preserve for further review. He argues that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2, the illegal reentry Guideline, lacks an empirical basis. *Mondragon-Santiago*, 564 F.3d 357 at 366-67.

AFFIRMED.